ANDY JAMES ORTIZ

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-442-CR

ANDY JAMES ORTIZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Andy James Ortiz was convicted of capital murder, and because the State waived the death penalty, he received an automatic life sentence.  In one point on appeal, he complains that the evidence is insufficient to sustain his conviction.  In his argument, Appellant specifically complains that the State failed to prove that he was present at the murder scene, that he committed the murder, and that the sexual intercourse he had with the complainant was nonconsensual.  Because we hold that the evidence is legally sufficient to support Appellant’s conviction, we affirm the trial court’s judgment.

Although Appellant does not state whether he raises legal or factual insufficiency, because he relies on 
Blankenship v. State
,
(footnote: 2) which in turn relies on 
Jackson v. Virginia
,
(footnote: 3) we treat his point as a challenge to the legal sufficiency of the evidence and shall not address its factual sufficiency.
(footnote: 4)  In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict.
(footnote: 5)  We may not overturn the verdict unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
(footnote: 6)  This standard of review applies in both direct and circumstantial evidence cases.
(footnote: 7)
 Appellant was indicted for “THEN AND THERE INTENTIONALLY CAUS[ING] THE DEATH OF . . . B[.] S[.] BY STRANGLING [HER] WITH A LIGATURE [WHILE] IN THE COURSE OF COMMITTING OR ATTEMPTING TO COMMIT THE OFFENSE OF AGGRAVATED SEXUAL ASSAULT.”  Lack of consent is an element of aggravated sexual assault.
(footnote: 8)  The evidence showed that Jennifer Ledesma discovered the decomposing body of her roommate and coworker, the complainant, in late May 1997 after Ledsma had returned to their Tarrant County apartment from a weekend trip to Austin.  The apartment appeared to have been ransacked, and a stereo and some jewelry were missing.  

The medical examiner testified that the complainant was dressed in swimsuit bottoms, a satin top and shorts, and socks.  Her hands were bound behind her with an iron cord; the iron was still attached.  She had been strangled with a leather strap, which was still around her neck.  Strangling was the cause of death.  While still alive, the complainant had also been hit in the head with a blunt instrument, which could have been the iron.  Semen that was later determined to be Appellant’s was found in her mouth.  Two days before her body was discovered, the complainant’s abandoned car, with its blinkers on, had been found a few miles away and had been towed to the city pound.  Appellant’s fingerprint was found on the passenger door.  Ledesma, another coworker, the complainant’s cousin, and the complainant’s mother all testified that they had never seen Appellant and that the complainant had never mentioned him.  Appellant rested without putting on any evidence.

Applying the appropriate standard of review, we cannot say that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
(footnote: 9)  We therefore overrule Appellant’s sole point on appeal and affirm the trial court’s judgment.

 

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED FEBRUARY 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
780 S.W.2d 198 (Tex. Crim. App. 1989).

3:
443 U.S. 307, 99 S. Ct. 2781 (1979).

4:
See Davila v. State
, 930 S.W.2d 641, 648 (Tex. App.—El Paso 1996, pet. ref’d).

5:
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).

6:
Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1192 (1995).

7:
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

8:
See
 
Tex. Penal Code Ann.
 § 22.021(a)(1)(A)(ii) (Vernon Supp. 2003).

9:
See Emery,
 881 S.W.2d at 705.